UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SARAH ODAWARE WHITE (#319932)

VERSUS                                              CIVIL ACTION

BARAKA OBOMA                                        NUMBER 11-679-JJB-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on November 30, 2011.

                                     **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SARAH ODAWARE WHITE (#319932)

VERSUS                                                          CIVIL ACTION

BARAKA OBOMA                                        NUMBER 11-679-JJB-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana Correctional Institute for Women, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against President Barack Obama. Plaintiff alleged that she provided evidence to federal officials regarding the involvement by her son's father in the Ku Klux Klan. In her prayer for relief the plaintiff sought to sling mud all over the world and to have funds returned that were illegally issued by the President. Plaintiff amended her complaint to allege that human waste is seeping from the prison sewer into the agricultural fields from which vegetation is harvested.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous

only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id*.; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, the President of the United States is absolutely immune from civil damage actions arising out of the execution of official duties of office. *Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690 (1982).

Second, the plaintiff's claims against President Obama are factually frivolous because the allegations are fanciful, fantastic, delusional and rise to the level of the irrational or wholly incredible.

Third, even assuming the plaintiff had named as a defendant a prison official responsible for the alleged seepage of sewerage into the agricultural fields, the claim would nonetheless be subject to dismissal.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the amended complaint showed that the plaintiff failed to allege that she sustained any physical injury as a result of the alleged seeping sewerage.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law

the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e) .

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Signed in Baton Rouge, Louisiana, on November 30, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**